UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI,<br><br>                    Plaintiff,<br><br>        v.<br><br>CITY OF SACRAMENTO, *et al.,*<br><br>                    Defendants. | Case No.  2:23-cv-02547-JDP<br><br>**ORDER**<br><br>GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND<br><br>ECF Nos. 21, 32, 43 |

    Plaintiff Parvin Olfati filed a civil rights complaint against the City of Sacramento, various Sacramento police officers, and several of plaintiff's neighbors, alleging violations of her First and Fourth Amendment rights.  ECF No. 1.  At issue are motions to dismiss filed by the neighbors, defendants Thomas O'Brien, Steven Maviglio, Barbara Andres, and Cecil Taylor.  ECF Nos. 21, 32, 43.  For the reasons explained below, the motions to dismiss are granted with leave to amend.[1]

**Background**

    Although the complaint's allegations are to a large extent rambling, repetitive, and confusing, the following summary provides an overview of plaintiff's claims: defendant

---

[1] Pursuant to Local Rule 230(g), the hearing date, originally set for February 22, 2023, was vacated and the motions were ordered submitted without oral argument.  *See* ECF No. 49.

1

1  neighbors conspired with Sacramento police officers pursuant to the City's "Justice for
2  Neighbors" ("JFN") program to have plaintiff arrested for speaking on her front porch and
3  disturbing the peace.[2]  As part of the so-called JFN conspiracy, police officers encouraged
4  plaintiff's neighbors to make calls for service "demanding that the City Police seize, arrest,
5  criminally charge, and/or jail Plaintiff or otherwise prevent Plaintiff from or punish Plaintiff for
6  speaking from Plaintiff's front porch."  ECF No. 1 ¶ 23.  During September 2023, as a result of
7  the neighbors' JFN calls reporting that plaintiff was disturbing the peace while speaking from her
8  porch, police officers entered plaintiff's property and arrested her without a warrant or probable
9  cause.  *Id.* ¶¶ 31-47.  At the jail where plaintiff was detained, officers subjected her to physical
10 and emotional abuse, including tightly handcuffing her wrists, denying her access to water and to
11 a bathroom, and denying her medical care.  *Id.* ¶¶ 48, 56-67.

12      Plaintiff raises two claims against defendants O'Brien, Maviglio, Andres, and Taylor.  In
13 Claim 12, the complaint alleges that defendant neighbors conspired with the police to deprive
14 plaintiff of her First and Fourth Amendment rights in violation of 42 U.S.C. § 1983 and
15 California's Bane Act, California Civil Code § 52.1.[3]  ECF No. 1 ¶¶ 143-70.  In Claim 13, the
16 complaint alleges that defendant neighbors and the police conspired to interfere with plaintiff's
17 civil rights in violation of 42 U.S.C. §1985(2) and the Bane Act.[4]  *Id.* ¶¶ 171-79.

18      Defendant O'Brien filed a motion to dismiss the complaint for failure to state a claim
19 pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 21.  Defendant Maviglio, in a

---

[2] The complaint states that the JFN program "can be used by neighbors to make a large number of calls for service charged to a particular address so that the occupant of such address will be forced by City action to leave the residence[.]"  ECF No. 1 ¶ 17(k).

[3] California's Bane Act was enacted to address hate crimes and provides for a claim against anyone who interferes with an individual's rights secured by federal or state law "where the interference is carried out 'by threats, intimidation or coercion.'"  *Reese v. County of Sacramento*, 888 F.3d 1030, 1039 (9th Cir. 2018) (citing Cal. Civ. Code § 52.1).

[4] In 2021, plaintiff initiated an earlier civil rights action against the City of Sacramento, Sacramento police officers, and defendants Maviglio and Andres.  *See* ECF No. 1 ¶ 174; Case No. 2:21-cv-00606-CKD ("Olfati One").  Olfati One is currently pending, although the district judge has dismissed the claims against defendants Maviglio and Andres with prejudice.  *See* Case No. 2:21-cv-00606-CKD, ECF No. 87.  In support of Claim 13 in the current complaint, plaintiff alleges that defendants violated her civil rights by attempting to prevent her from prosecuting the Olfati One action.  *See* ECF No. 1 ¶ 172.

separate motion, seeks dismissal under Rule 12(b)(6) as well as on additional grounds: the complaint is barred under California's anti-SLAPP doctrine because it amounts to a strategic lawsuit against public participation, *see* California Code of Civil Procedure § 425.16; plaintiff's claims are barred by *res judicata* because in Olfati One, the claims against defendant Maviglio were dismissed with prejudice; and plaintiff's conspiracy claims are barred by the applicable statute of limitations.  *See* ECF No. 32.

Defendants Andres and Taylor filed a joint motion to dismiss on the following grounds: failure to provide a short and plain statement showing entitlement to relief under Federal Rule of Civil Procedure 8(a); failure to state a claim for relief under Rule 12(b)(6); lack of subject matter jurisdiction due to collateral estoppel or issue preclusion under Federal Rule of Civil Procedure 12(b)(1); and California's anti-SLAPP doctrine bars plaintiff's claims.  *See* ECF No. 43.

Plaintiff filed oppositions to the motions, *see* ECF Nos. 35, 38, 45, and defendants have filed replies.  *See* ECF Nos. 40, 41, 48.

**Legal Standard**

Rule 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Additionally, each allegation in a complaint "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is

not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

When determining a Rule 12(b)(6) motion, the court must accept all well-pleaded material factual allegations as true, but not legal conclusions. *Iqbal*, 556 U.S. at 678. The Supreme Court has explained that complaints consisting only of "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, a complaint is deficient if it presents nothing more than "naked assertion[s]" without "further factual enhancement." *Id*. at 557.

**Discussion**

The complaint in Claims 12 and 13 asserts claims against defendant neighbors under § 1983 and § 1985(2).

To establish a conspiracy under § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights." *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (en banc).

Generally, a claim under § 1983 requires a showing that the defendant was acting under color of state law when the constitutional deprivation occurred. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A private individual, however, may be liable under § 1983 if he or she "conspired or entered joint action with a state actor." *Crowe*, 608 F.3d at 440 (quotations and citation omitted). "Establishing liability for a conspiracy between a private actor and a state actor is no different from establishing liability for a conspiracy between two state actors." *Id.* Accordingly, a plaintiff must show that the private individual had an agreement with a state actor to violate constitutional rights, and that each conspirator shared the same objective. *Id.* (citation omitted).

In turn, § 1985(2) prohibits conspiracies "to deter, by force, intimidation, or threat" any party attending federal court, "or from testifying to any matter pending therein, freely, fully, and

truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified[.]" 42 U.S.C. § 1985(2).

Following a review of the complaint, I conclude that the pleading is deficient under Rule 8 because plaintiff does not allege a "short and plain" statement of a claim against defendant neighbors that shows that she is entitled to relief under any theory of liability. The complaint is sixty-two pages in length and consists of 180 numbered paragraphs. For Claim 12, which starts at paragraph 143, plaintiff incorporates by reference the entirety of her allegations in paragraphs 1-142. Plaintiff does not specify which factual details in the prior allegations have bearing on Claim 12; defendants would need to sift through the preceding forty-six pages to attempt to discern the relevant facts. And within those forty-six pages, plaintiff alleges numerous facts concerning events that occurred years before the September 2023 arrest. Accordingly, the complaint does not give sufficient notice as to which allegations are relevant to which defendant for this claim.

The complaint's allegations are also confusing to the extent that plaintiff references numerous dates in 2023 without specifying in sufficient detail which particular defendant took what actions on each date. As an example, in Claim 12, plaintiff alleges:

> At all times material hereto, each of the City Police Officer Defendants and City used acts of substantial cooperation by one or more of Conspirator Defendants Maviglio, Andres, Taylor, and/or O'Brien to assist them in their commission of acts that deprived Plaintiff of her protections under the Fourth Amendment, First Amendment, and California law on September 17-18, 2023; March 26, 2023; April 7, 2023; April 11, 2023; and/or April 22, 2023, including but not limited to acts in furtherance of the JFN Conspiracy meeting of the minds between City, its[] City Police Officer Defendants, and[]one or more of the Conspirator Defendants to seize, arrest, criminally charge, and/or jail Plaintiff; prevent her from speaking from her front porch; punish Plaintiff for speaking from her front porch; or otherwise subject Plaintiff to acts by City Police Officer Defendants that deprived Plaintiff of her Fourth Amendment and/or First Amendment protections.
>
> Conspirator Defendants through the City-led JFN Conspiracy or other conspiracy using the City Police Officer Defendants carrying out City policies/customs alleged in paragraphs 16-17, including but not limited to the City Justice for Neighbors (JFN) policy alleged in paragraphs 17(d), 17(m) and 23; the policy of making a "project" out of Plaintiff alleged in paragraph 17(e); and backstopped by Defendant City's deliberately indifferent training,

5

>supervision and discipline alleged in paragraph 18 herein, deprived Plaintiff of her First Amendment, Fourth Amendment, and California law protections on September 17-18, 2023; March 26, 2023; April 7, 2023; April 11, 2023, and April 22, 2023.

ECF No. 1 ¶¶ 144-45.  As with the majority of the complaint's allegations, the above language is verbose and not entirely intelligible, and requires the reader to examine other sections of the pleading in an attempt to piece together the relevant alleged facts.

Likewise, in Claim 13, plaintiff incorporates by reference all of the preceding allegations in the complaint, while vaguely alleging that "two or more of Conspirator Defendants Maviglio, Andres, Taylor and each of Maviglio, Andres, Taylor and/or O'Brien committed additional acts that injured Plaintiff in her person or property, in the form of acts that caused damage to Plaintiff's residence and/or damaged Plaintiff's health, and were committed with specific intent to injure Plaintiff in her person or property for filing Olfati One."  ECF No. 1 ¶ 173.  Such broad and conclusory allegations do not comply with Rule 8's clarity requirements.

The complaint fails to clearly and concisely set forth factual allegations sufficient to provide fair notice to defendants O'Brien, Maviglio, Andres, and Taylor of the grounds on which plaintiff seeks relief.  The failure to comply with Rule 8 constitutes an independent basis for dismissal that applies even if the complaint contains claims that are not "wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

The claims against defendant neighbors also warrant dismissal under Rule 12(b)(6).  In Claim 12, the complaint does not state a plausible conspiracy claim under § 1983 because plaintiff fails to plead facts that sufficiently show that any defendant neighbor conspired with the police to violate her constitutional rights.  In particular, the allegations do not indicate that defendant neighbors and the police had a "meeting of the minds" to orchestrate plaintiff's arrest based on fabricated complaints.  Neither do plaintiff's allegations indicate the existence of some concerted effort or plan between defendant neighbors and the police involving false accusations about plaintiff's conduct, or that defendant neighbors exerted some control or power over the police and directed the police to arrest plaintiff in violation of her constitutional rights.  In other

6

words, the pleaded facts indicate that defendant neighbors made service calls based on their belief that plaintiff's conduct was disturbing the peace in the surrounding neighborhood, and not that they purposefully made false complaints in a joint effort with the police to have plaintiff removed from her home.[5]

In Claim 13, the allegations do not state a claim for relief under § 1985(2) beyond the speculative level. The alleged facts in this section only reference the following: when defendant Maviglio was served with the Olfati One complaint in April 2021, he "threatened Plaintiff's counsel with disbarment" and "sprayed water on Plaintiff's counsel"; the City has failed to respond to plaintiff's request for public records; and defendant neighbors have received information about the filings and discovery from Olfati One. *Id.* ¶¶ 174-76. There are no allegations that plausibly indicate that two or more defendants had an agreement to obstruct justice with respect to plaintiff's litigation of Olfati One. Accordingly, the complaint fails to allege an actionable claim for relief under § 1985(2).

Because the allegations in Claims 12 and 13 do not satisfy Rule 8 or Rule 12(b)(6), I grant the motions to dismiss and decline to address defendants' other grounds for dismissal.

Accordingly, it is hereby ORDERED that defendant O'Brien's motion to dismiss, ECF No. 21, defendant Maviglio's motion to dismiss, ECF No. 32, and the motion to dismiss filed by defendants Andres and Taylor, ECF No. 43, are granted. Plaintiff shall have thirty days from the date of this order to file an amended complaint.

---

[5] Even if an individual provides false information to the police, such action, by itself, is not sufficient to state a claim under § 1983. *See Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1357-58 (9th Cir. 1981); *see also Collins v. Womancare*, 878 F.2d 1145, 1155 (9th Cir. 1989) ("[M]erely complaining to the police does not convert a private party into a state actor. . . . Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action."). And to the extent plaintiff alleges that defendant neighbors' accusations of disturbing the peace were false because the California Supreme Court previously determined that California Penal Code § 415 does not apply "to even intentionally loud noise as long as there is no clear and present danger of violence," plaintiff asserts only legal argument and conclusions. *See* ECF No. 1 § 163.

IT IS SO ORDERED.

Dated:   September 24, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE