UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARVIN OLFATI, | Case No. 2:23-cv-2547-JDP |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, *et al.*, | |
| Defendants. | |

Plaintiff Parvin Olfati filed a civil rights complaint against the City of Sacramento, various Sacramento police officers, and several of plaintiff's neighbors, alleging violations of her First and Fourth Amendment rights. Before the court ruled on defendant O'Brien's, defendant Maviglio's, and defendants Andres and Taylor's separate motions to dismiss, O'Brien filed a motion for sanction, and plaintiff filed two motions for sanctions against O'Brien. In light of the court's recent order denying the motions to dismiss without prejudice, and plaintiff's filing of an amended complaint, the pending motions for sanctions are denied.

Under Rule 11, sanctions may be imposed "when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. Cnty. of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). "The standard governing both the 'improper purpose' and 'frivolous' inquiries is objective." *G.C. & K.B. Invs., Inc. v. Wilson*,

1

1  326 F.3d 1096, 1109 (9th Cir. 2003) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d
2  1358, 1362 (9th Cir. 1990) (en banc)).  "When, as here, a complaint is the primary focus of Rule
3  11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the
4  complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has
5  conducted a reasonable and competent inquiry before signing and filing it."  *Holgate v. Baldwin*,
6  425 F.3d 671, 676 (9th Cir. 2005) (citation omitted).  Cases warranting the impositions of
7  sanctions for frivolous complaints are "rare and exceptional."  *Operating Eng'rs Pension Tr. v. A-*
8  *C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988).
9        O'Brien argues that plaintiff should be sanctioned for filing a frivolous complaint.  ECF
10 No. 50.  While the complaint's pleadings were not a model of clarity, for the reasons stated in the
11 court's prior order denying the motions to dismiss, the complaint was not entirely baseless.  If it
12 were, the court would have dismissed the complaint without leave to amend.  *See* ECF No. 63.
13 Accordingly, the court declines to impose sanctions based on plaintiff's complaint.  *See Cal.*
14 *Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir.
15 1987) ("Although [the plaintiff] ultimately failed to adduce substantial support for the complaint,
16 the suit was not so baseless that sanctions ought to be imposed.").
17       Plaintiff argues that O'Brien's motion to dismiss, reply to plaintiff's opposition to the
18 motion to dismiss, and motion for sanctions violate Rule 11.  ECF Nos. 52 & 59.  For the
19 equivalent reason as noted above—because O'Brien's motion to dismiss was successful—
20 plaintiff's argument that the motion and reply contained sanctionable material is unsubstantiated.
21 Plaintiff's other argument that O'Brien's motion for sanction is sanctionable is equally
22 unjustified.
23       As an aside to the parties, the court frowns upon tit for tat motions and implores the
24 parties to meet and confer in an attempt to resolve avoidable motions, such as these, in the future.
25       Accordingly, it is hereby ORDERED that:
26       1. Defendant O'Brien's motion for sanctions, ECF No. 50, is DENIED.
27       2. Plaintiff's motions for sanctions, ECF Nos. 52 & 59, are DENIED.
28

IT IS SO ORDERED.

Dated:   March 18, 2025    
                                          JEREMY D. PETERSON  
                                        UNITED STATES MAGISTRATE JUDGE